IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JUSTIN FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. |
| FORT WORTH JOE'S PIZZA & PASTA, INC., ) | |
| KAY-WEL ENTERPRISES, INC. and ) | |
| KAREN V. BERTELLI, TRUSTEE OF THE ) | |
| BERTELLI KAREN V TRUST, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, JUSTIN FERGUSON, by and through the undersigned counsel, and files this, his Complaint against Defendants, FORT WORTH JOE'S PIZZA & PASTA, INC., KAY-WEL ENTERPRISES, INC. and KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.  This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.  Plaintiff, JUSTIN FERGUSON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Fort Worth, Texas (Tarrant

1

County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")

7. Defendant FORT WORTH JOE'S PIZZA & PASTA, INC. (hereinafter "FORT WORTH JOE'S PIZZA & PASTA, INC.") is a Texas company that transacts business in the State of Texas and within this judicial district.

8. Defendant, FORT WORTH JOE'S PIZZA & PASTA, INC., may be properly served with process via its registered agent for service, to wit:  Glenn Hanner, P.C., Registered Agent, 2324 Cheek Sparger, Bedford, TX  76021.

9. Defendant, KAY-WEL ENTERPRISES, INC. (hereinafter "KAY-WEL ENTERPRISES, INC.") is a Texas company that transacts business in the State of Texas and within this judicial district.

10. Defendant, KAY-WEL ENTERPRISES, INC., may be properly served with process via its registered agent for service, to wit: Harvey N. Cornell IV, Registered Agent, 2601 Greenbriar Drive, Mansfield, TX 76063.

11. Defendant, KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST (hereinafter "KAREN V. BERTELLI, TRUSTEE"), is an individual who transacts business in the State of Texas and within this judicial district.

12. Defendant, KAREN V. BERTELLI, TRUSTEE, may be properly served with process via its Owner for service, to wit: Karen V. Bertelli, 953 Forker Blvd., Sharon, PA 16146.

## FACTUAL ALLEGATIONS

13. On or about August 31, 2019, Plaintiff was a customer at Joe's Pizza Pasta Restaurant, a business located at 7832 S. Freeway, Fort Worth, TX 76134 referenced herein as the "Joe's Pizza Pasta Restaurant."

14. Joe's Pizza Pasta Restaurant is operated by Defendant, FORT WORTH JOE'S PIZZA & PASTA, INC.

15. Subway is operated by Defendant, KAY-WEL ENTERPRISES, INC.

16. FORT WORTH JOE'S PIZZA & PASTA, INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

17. KAY-WEL ENTERPRISES, INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

18. KAREN V. BERTELLI, TRUSTEE is the owner or co-owner of the real property and improvements that Joe's Pizza Pasta Restaurant and the Subway are situated upon and that is the subject of this action, referenced herein as the "Property."

19. Plaintiff lives 6 miles from Joe's Pizza Pasta Restaurant, the Subway and the Property.

20. Plaintiff has visited Joe's Pizza Pasta Restaurant, the Subway and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Joe's Pizza Pasta Restaurant, the Subway and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Joe's Pizza Pasta Restaurant, the Subway and the Property are accessible again. The purpose of the revisit is to be a regular customer, to determine if and when Joe's Pizza Pasta Restaurant, the Subway and the Property are made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

21. Plaintiff intends on revisiting Joe's Pizza Pasta Restaurant, the Subway and the Property to purchase goods and/or services as a regular customer living in the vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

22. Plaintiff's access to the business(es) located at 7832 S. Freeway, Fort Worth, TX 76134, Tarrant County Property Appraiser's account number 04596978 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and she will be denied and/or limited in the future unless and until Defendants, FORT WORTH JOE'S PIZZA & PASTA, INC., KAY-WEL ENTERPRISES, INC. and KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Joe's Pizza Pasta Restaurant, the Subway and the Property, including those set forth in this Complaint.

23. Plaintiff travelled to Joe's Pizza Pasta Restaurant, the Subway and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Joe's Pizza Pasta Restaurant, the Subway and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Joe's Pizza Pasta Restaurant, the Subway and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

24. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

25. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is

      justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

26. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

  * * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

27. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

28. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

29. Joe's Pizza Pasta Restaurant is a public accommodation and service establishment.

30. Subway is a public accommodation and service establishment.

31. The Property is a public accommodation and service establishment.

32. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

33. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

34. Subway must be, but is not, in compliance with the ADA and ADAAG.

35. Joe's Pizza Pasta Restaurant must be, but is not, in compliance with the ADA and ADAAG.

36. The Property must be, but is not, in compliance with the ADA and ADAAG.

37. Plaintiff has attempted to, and has to the extent possible, accessed Joe's Pizza Pasta Restaurant, the Subway and the Property in his capacity as a customer of Joe's Pizza Pasta Restaurant, the Subway and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Joe's Pizza Pasta Restaurant, the Subway and the Property that preclude and/or limit his access to Joe's Pizza Pasta Restaurant, the Subway and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

38. Plaintiff intends to visit E Joe's Pizza Pasta Restaurant, the Subway and the Property again within six months or sooner as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Joe's Pizza Pasta Restaurant, the Subway and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Joe's Pizza Pasta Restaurant, the Subway and the Property that preclude and/or limit his access to Joe's Pizza Pasta Restaurant,

the Subway and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

39. Defendants, FORT WORTH JOE'S PIZZA & PASTA, INC., KAY-WEL ENTERPRISES, INC. and KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Joe's Pizza Pasta Restaurant, the Subway and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

40. Defendants, FORT WORTH JOE'S PIZZA & PASTA, INC., KAY-WEL ENTERPRISES, INC. and KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, FORT WORTH JOE'S PIZZA & PASTA, INC., KAY-WEL ENTERPRISES, INC. and KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST, are compelled to remove all physical barriers that exist at Joe's Pizza Pasta Restaurant, the Subway and the Property, including those specifically set forth herein, and make Joe's Pizza Pasta Restaurant, the Subway and the Property accessible to and usable by Plaintiff and other persons with disabilities.

41. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Joe's Pizza Pasta Restaurant, the Subway and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Joe's Pizza Pasta Restaurant, the Subway and the Property include, but are not limited to:

**(a)    ACCESSIBLE ELEMENTS:**

(i)    The one accessible parking space lacks a sign identifying the parking space as accessible, this is a violation of section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii)   Based on a total number of parking spaces of approximately 48 spaces the Property should have two marked accessible parking spaces, but it only has one marked accessible parking space in violation of section 208.2 of the 2010 ADAAG Standards.

(iii)  The Property has an accessible ramp leading to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(iv)  In Subway, the vertical reach to the soda dispensers exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(v)   Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**SUBWAY RESTROOMS**

(i)   The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is too short. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii)   The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5.2 of the 2010 ADAAG standards as the rear bar does not properly extend at least 24 inches from the centerline of the toilet. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii)  The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)   The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)    The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(vi)   The controls on the faucets require pinching and turning of the wrists in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

**JOE'S PIZZA PASTA AND SUBS RESTROOMS**

(i) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii) The door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii) Restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(v) There is inadequate clear turning space in violation of Section 603.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi) The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii) The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is

missing. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii)  The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ix)  The side grab bar/handrail is too short and is not positioned in accordance with Sections 609.4 and 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(x)  Toilet paper dispenser in the restroom is located outside the prescribed height and/or reach ranges set forth in Section 604.9.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xi)  Hand drying devices in the restrooms are located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xii)  The light switch is located outside of the maximum reach ranges required by Section 308 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii)  The door of the men's restroom lacks a proper minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent wall, in violation of

Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

42. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Joe's Pizza Pasta Restaurant, the Subway and the Property.

43. Plaintiff requires an inspection of Joe's Pizza Pasta Restaurant, the Subway and the Property in order to determine all of the discriminatory conditions present at Joe's Pizza Pasta Restaurant, the Subway and the Property in violation of the ADA.

44. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

45. All of the violations alleged herein are readily achievable to modify to bring Joe's Pizza Pasta Restaurant, the Subway and the Property into compliance with the ADA.

46. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Joe's Pizza Pasta Restaurant, the Subway and the Property is readily achievable because the nature and cost of the modifications are relatively low.

47. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Joe's Pizza Pasta Restaurant, the Subway and the Property is readily achievable because Defendants, FORT WORTH JOE'S PIZZA & PASTA, INC., KAY-WEL ENTERPRISES, INC. and KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST, have the financial resources to make the necessary modifications.

48. Upon information and good faith belief, Joe's Pizza Pasta Restaurant, the Subway and the Property have been altered since 2010.

49. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

50. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, FORT WORTH JOE'S PIZZA & PASTA, INC., KAY-WEL ENTERPRISES, INC. and KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Joe's Pizza Pasta Restaurant, the Subway and the Property, including those alleged herein.

51. Plaintiff's requested relief serves the public interest.

52. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

53. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, FORT WORTH JOE'S PIZZA & PASTA, INC., KAY-WEL ENTERPRISES, INC. and KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST, pursuant to 42 U.S.C. §§ 12188 and 12205.

54. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, FORT WORTH JOE'S PIZZA & PASTA, INC., KAY-WEL ENTERPRISES, INC. and KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST, to modify Joe's Pizza Pasta Restaurant, the Subway and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, FORT WORTH JOE'S PIZZA & PASTA, INC.,

            in violation of the ADA and ADAAG;

(b)    That the Court find Defendant, KAY-WEL ENTERPRISES, INC., in violation of the ADA and ADAAG;

(c)    That the Court find Defendant, KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST, in violation of the ADA and ADAAG;

(d)    That the Court issue a permanent injunction enjoining Defendants, FORT WORTH JOE'S PIZZA & PASTA, INC., KAY-WEL ENTERPRISES, INC. and KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST, from continuing their discriminatory practices;

(e)    That the Court issue an Order requiring Defendants FORT WORTH JOE'S PIZZA & PASTA, INC., KAY-WEL ENTERPRISES, INC. and KAREN V. BERTELLI, TRUSTEE OF THE BERTELLI KAREN V TRUST, to (i) remove the physical barriers to access and (ii) alter the subject Joe's Pizza Pasta Restaurant, the Subway and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(f)    That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(g)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

          Dated: October 9, 2019.

          Respectfully submitted,

          Law Offices of
          THE SCHAPIRO LAW GROUP, P.L.

          /s/  Douglas S. Schapiro_____
          Douglas S. Schapiro, Esq.
          Northern District of Texas ID No. 54538FL
          *Attorney-in-Charge of Plaintiff*
          The Schapiro Law Group, P.L.
          7301-A W. Palmetto Park Rd., #100A
          Boca Raton, FL 33433
          Tel: (561) 807-7388
          Email: schapiro@schapirolawgroup.com

          Law Offices of
          LIPPE & ASSOCIATES

          /s/  Emil Lippe, Jr._____
          Emil Lippe, Jr., Esq.
          State Bar No. 12398300
          Lippe & Associates
          12222 Merit Drive, Suite 1200
          Dallas, TX 75251
          Tel: (214) 855-1850
          Fax: (214) 720-6074
          emil@texaslaw.com

          ATTORNEYS FOR PLAINTIFF
          JUSTIN FERGUSON